**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-4144**

UNITED STATES OF AMERICA,

             Plaintiff - Appellee,

       v.

DANIEL OHARRY PARTLOW, JR.,

             Defendant - Appellant.

Appeal from the United States District Court for the District of
South Carolina, at Greenville.  Henry F. Floyd, District Judge.
(6:07-cr-00705-HFF-1)

Submitted:  November 19, 2008      Decided:  December 2, 2008

Before TRAXLER, DUNCAN, and AGEE, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Lora E. Collins, Assistant Federal Public Defender, Greenville,
South Carolina, for Appellant.  Elizabeth Jean Howard, Assistant
United States Attorney, Greenville, South Carolina; Reginald I.
Lloyd, Assistant United States Attorney, Columbia, South
Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Daniel Partlow, Jr., pled guilty without a plea agreement to possession with intent to distribute 500 grams or more of cocaine, in violation of 21 U.S.C. § 841(a)(1) (2006). Partlow was sentenced to sixty months in prison, the statutory minimum. See 21 U.S.C. § 841(b)(1)(B). Partlow now appeals. His attorney has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), raising two issues but stating that there are no meritorious issues for appeal. Partlow has filed a pro se brief raising additional issues. We affirm.

In the Anders brief, counsel questions whether the district court complied with the requirements of Fed. R. Crim. P. 11 but concludes that it did. Our review of the transcript of that proceeding discloses full compliance with the Rule. Counsel also questions whether the sixty-month sentence was reasonable but states that the district court committed no error when it sentenced Partlow. Our review of the record discloses no procedural or substantive error. In this regard, we note that the court correctly calculated Partlow's advisory Guidelines range of 60-71 months and considered the factors set forth at 18 U.S.C. § 3553(a) (2006) prior to imposing sentence. Partlow's within-Guidelines sentence may be presumed reasonable. See United States v. Go, 517 F.3d 216, 218 (4th Cir. 2008). Partlow has not rebutted this presumption. We conclude that his

sentence is reasonable.  See United States v. Gall, 128 S. Ct. 586, 597 (2007).

The claims raised in Partlow's pro se brief lack merit.  First, his claim that counsel was ineffective is not cognizable on direct appeal because ineffectiveness does not conclusively appear on the face of the record.  He should raise this claim, if at all, in a 28 U.S.C. § 2255 (2000) motion.  See United States v. Richardson, 195 F.3d 192, 198 (4th Cir. 1999). Second, because Partlow's valid guilty plea waives all prior nonjurisdictional defects, see Tollett v. Henderson, 411 U.S. 258, 267 (1973), he has waived any right to contest the district court's denial of his motion to suppress evidence seized during a traffic stop.

We have examined the entire record in this case in accordance with the requirements of Anders and have found no meritorious issues for appeal.  Accordingly, we affirm.  This court requires counsel inform her client, in writing, of his right to petition the Supreme Court of the United States for further review.  If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy of the motion was served on the client.  The motion to appoint substitute counsel is denied.  We dispense with oral argument

3

because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED